KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Dale Gann,           ) | No. CV 08-8017-PCT-DGC (LOA) |
|         Plaintiff,           ) | |
| vs.                          ) | **ORDER** |
| Dora Schriro, et al.,        ) | |
|         Defendants.          ) | |

Plaintiff Kenneth Dale Gann, who is confined in the Arizona State Prison Complex-Winslow, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Schriro and Haggard to answer Count I of the Complaint and will dismiss the remaining claim and Defendant without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $13.86. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Complaint

Plaintiff names the following Defendants in the Complaint: (1) Arizona Department of Corrections Director Dora Schriro; (2) Herb Haley, Arizona Department of Corrections Protective Segregation Unit; and (3) Chief of Security Captain Richard Haley, Arizona State Prison Complex (ASPC)-Winslow.

Plaintiff alleges two grounds for relief. In Count I, Plaintiff claims that his Eighth Amendment rights were violated when, over the course of three years, Defendants Haley, Haggard, and Schriro denied him protective segregation. In Count II, Plaintiff alleges that his Eighth Amendment rights were violated by conditions of confinement in the maximum security unit. Plaintiff seeks injunctive relief and money damages.

## IV.    Failure to State a Claim

### A.     Defendant Haley

In Count I, Plaintiff states that he first requested to be placed in protective segregation in 2005 and that he made a second request in 2006. Plaintiff states that Defendant Haley denied both requests and that Plaintiff was then transferred to ASPC-Douglas.

A prison official violates the Eighth Amendment in failing to protect one inmate from another only when two conditions are met. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious;" the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of

1 mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining

2 "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

3      the official must <u>both</u> be aware of the facts from which the inference could be
4      drawn that a substantial risk of serious harm exists, <u>and</u> he must also draw the inference.

5 Id. at 839 (emphasis added).

6     Plaintiff has not alleged that Defendant Haley was aware of a specific risk of serious

7 harm to Plaintiff and failed to act. Plaintiff's bare allegation that Defendant Haley denied

8 his requests for protection is not sufficient to state an Eighth Amendment claim. The Court

9 will therefore dismiss Defendant Haley from this action.

10     Plaintiff also alleges in Count I that after being transferred to ASPC-Douglas in April

11 2007, he was assaulted by two other inmates. Plaintiff states that after the assault he again

12 requested protective segregation, but was refused in April 2007 and again in October 2007.

13 Plaintiff does not identify the individual who denied his protective segregation requests on

14 these occasions and these allegations therefore fail to state a claim.

15     **B.    Count II**

16     In Count II, Plaintiff alleges that the conditions of confinement in the maximum

17 security units violate his Eighth Amendment rights. Specifically, Plaintiff claims that three

18 inmates are housed in a small cell and one of the three inmates is required to sleep on the

19 floor. Plaintiff further states that he receives only three two-hour recreation periods and three

20 showers per week. Finally, Plaintiff claims that inmates are required to be handcuffed

21 through the food trap door before the cell door is open. Plaintiff claims that this practice

22 means he is "always at risk of assault while handcuffed inside the cell, and always at risk of

23 two on one assaults."

24     Under the Eighth Amendment, punishment may not be "barbarous" nor may it

25 contravene society's "evolving standards of decency." Rhodes v. Chapman, 452 U.S. 337,

26 346 (1981). Only deprivations denying the minimal civilized measure of life's necessities

27 are sufficiently grave for an Eighth Amendment violation. Johnson v. Lewis, 217 F.3d 726,

28 731 (9th Cir. 2000) (quotation omitted). These are "deprivations of essential food, medical

1 care, or sanitation" or "other conditions intolerable for prison confinement." Rhodes, 452
2 U.S. at 348.  To determine whether a violation has occurred, a Court should consider the
3 circumstances, nature and duration of a deprivation of these necessities. Johnson, 217 F.3d
4 at 731.  "The more basic the need, the shorter the time it can be withheld."  Hoptowit v. Ray,
5 682 F.2d 1287, 1259 (9th Cir. 1982).

6       An Eighth Amendment claim also requires a showing of deliberate indifference, as
7 described above.  Farmer, 511 U.S. at 834.

8       Plaintiff's allegations relating to his recreation and shower times are simply
9 insufficient to state an Eighth Amendment claim and Plaintiff has alleged no injury as a result
10 of the shower and recreation schedule.  Similarly, Plaintiff's allegations regarding the
11 number in inmates housed in a single cell are insufficient to state a claim.  Allegations of
12 overcrowding, alone, are insufficient to state a claim under the Eighth Amendment.  See
13 Rhodes, 452 U.S. at 348.

14       Finally, Plaintiff claims regarding handcuffing inmates before the cell door is open
15 are also insufficient to state an Eighth Amendment claim.  Plaintiff has not alleged a specific
16 threat to his safety, which Defendants were aware of and which they failed to act on;
17 Plaintiff does not claim that he was in danger from his particular cell mates and that
18 handcuffing him in his cell, while a corrections officer was presumably present outside the
19 cell door, subjected him to serious risk of harm from his cell mates.  Plaintiff's general
20 allegations about the possibility of being attacked during this handcuffing procedure, without
21 an allegation of a specific risk of harm, do not state an Eighth Amendment claim.  Count II
22 will be dismissed for failure to state a claim.

23 **V.    Claims for Which an Answer Will be Required**

24       Plaintiff claims in Count I that Defendant Haggard ordered Plaintiff to be transferred
25 to general population, even though he knew that if transferred "it was more likely than not
26 that . . . [Plaintiff] would be violently assaulted or killed." (Complaint at 3.)  Plaintiff further
27 claims that his transfer to general population was pursuant to a broader policy set by
28

Defendant Schriro.  These allegations adequately state a claim and the Court will require Defendants Schriro and Haggard to answer Count I.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

1    (2) As required by the accompanying Order to the appropriate government agency,
2 Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $13.86.

3    (3) Count II and Defendant Haley are **dismissed** without prejudice.

4    (4) Defendants Schriro and Haggard must answer Count I.

5    (5) The Clerk of Court must send Plaintiff a service packet including the
6 Complaint (Doc. #1), this Order, and both summons and request for waiver forms for
7 Defendants Schriro and Haggard.

8    (6) Plaintiff must complete and return the service packet to the Clerk of Court
9 within 20 days of the date of filing of this Order. The United States Marshal will not provide
10 service of process if Plaintiff fails to comply with this Order.

11    (7) If Plaintiff does not either obtain a waiver of service of the summons or
12 complete service of the Summons and Complaint on a Defendant within 120 days of the
13 filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the
14 action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv
15 16.2(b)(2)(B)(i).

16    (8) The United States Marshal must retain the Summons, a copy of the Complaint,
17 and a copy of this Order for future use.

18    (9) The United States Marshal must notify Defendants of the commencement of
19 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
20 Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The
21 Marshal must immediately file requests for waivers that were returned as undeliverable and
22 waivers of service of the summons. If a waiver of service of summons is not returned by a
23 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
24 Marshal must:

25        (a) personally serve copies of the Summons, Complaint, and this Order upon
26    Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

27        (b) within 10 days after personal service is effected, file the return of service
28    for Defendant, along with evidence of the attempt to secure a waiver of service of the

1   summons and of the costs subsequently incurred in effecting service upon Defendant.
2   The costs of service must be enumerated on the return of service form (USM-285) and
3   must include the costs incurred by the Marshal for photocopying additional copies of
4   the Summons, Complaint, or this Order and for preparing new process receipt and
5   return forms (USM-285), if required. Costs of service will be taxed against the
6   personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
7   Procedure, unless otherwise ordered by the Court.

8   (10)   **A Defendant who agrees to waive service of the Summons and Complaint**
9   **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

10  (11)   Defendants Schriro and Haggard must answer Count I of the Complaint or
11  otherwise respond by appropriate motion within the time provided by the applicable
12  provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

13  (12)   Any answer or response must state the specific Defendant by name on whose
14  behalf it is filed.  The Court may strike any answer, response, or other motion or paper that
15  does not identify the specific Defendant by name on whose behalf it is filed.

16  (13)   This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to
17  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

18  DATED this 31st day of March, 2008.

*[Signature: David G. Campbell]*

David G. Campbell
United States District Judge